UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/1/2025
```

KHADIJA FIELDS,

                            Plaintiff,

                -against-

TRA DAM TRUCKING LLC, JOHN DOE, and
ZULYAKA MARRERO,

                            Defendants.

24-cv-7526 (MKV)

<u>REMAND ORDER</u>

MARY KAY VYSKOCIL, United States District Judge:

Defendant TRA DAM Trucking LLC filed a notice of removal of this action from the
Supreme Court of New York, County of New York [ECF No. 1 ("Notice of Removal")]. However,
Defendant TRA DAM Trucking LLC failed to satisfy basic requirements for removal. *See Taylor
v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021). As such, on April 15, 2025, the Court issued
an Order To Show Cause why this action should not be remanded back to state court [ECF No. 7
("First OTSC")]. In particular, the Court explained that Defendant TRA DAM Trucking LLC had
failed to include a copy of the complaint in the Notice of Removal. *See id.*; 28 U.S.C. § 1446(b).
Furthermore, and fatal here, Defendant Zulyaka Marrero has not expressed consent to the removal,
and Defendant TRA DAM Trucking LLC has not argued that Defendant Marrero was not properly
joined and served. *See Taylor*, 15 F.4th at 150; 28 U.S.C. § 1446(b)(2)(A).

In its First Order To Show Cause, the Court provided a detailed explanation of the problems
with the removal by Defendant TRA DAM Trucking LLC. Yet, in response, defense counsel filed
only a wholly unresponsive declaration stating that this action is removable because the parties are
diverse and the amount in controversy exceeds $75,000 [ECF No. 8].

The Court issued a second Order To Show Cause [ECF No. 9 ("Second OTSC")]. In its
Second OTSC, the Court explained that counsel for Defendant TRA DAM Trucking LLC had filed

"a grossly inadequate to response" to the Court's First OTSC. Second OTSC at 1. The Court directed counsel to show cause why she should not be sanctioned. *Id.* at 1–2. Counsel for Defendant TRA DAM Trucking LLC thereafter filed a letter stating that she had previously filed a declaration in response to the First OTSC and "request[ing] clarification as to whether the Defendant's Declaration of April 18, 2025, did not satisfy the Court's directives of 4/15/25" [ECF No. 11]. Plaintiff filed a declaration in support of remand [ECF No. 10].

The Second Circuit has made clear that the statutory requirements for removal are strictly enforced. *See Taylor*, 15 F.4th at 150. Indeed, where "a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent." *Id*. at 151. The Court afforded Defendant TRA DAM Trucking LLC an opportunity to argue that Defendant Marrero was not properly joined and served, but no such argument has been made. Moreover, because Defendant TRA DAM Trucking LLC failed to include required state court filings in its Notice of Removal, the Court has no basis to conclude that Defendant Marrero was not properly joined and served.

Accordingly, IT IS HEREBY ORDERED that this case is REMANDED to the Supreme Court of New York, County of New York.

The Clerk of Court respectfully is requested to remand and close this case.

**SO ORDERED.**

**Date:  May 1, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**